IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JENNIFER RENAE MOORE                                                                                    PLAINTIFF

vs.                                                  Civil No. 2:22-cv-02058

COMMISSIONER, SOCIAL                                                                                    DEFENDANT
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Jennifer Renae Moore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

1.   **Background:**

Plaintiff filed her disability application on July 23, 2019. (Tr. 10). In this application, Plaintiff alleged being disabled due to high blood pressure, ankylosing spondylitis, shoulder instabilities (left and right), ankle instabilities (right), anxiety, arthritis, optic nerve disorders, mast cell disease, chronic hives, and heart problems. (Tr. 234). Plaintiff alleged an onset date of August 6, 2017. (Tr. 10). This application was denied initially on December 18, 2019, and it was denied again on reconsideration on December 8, 2020. *Id.* Plaintiff requested an administrative hearing,

and this hearing request was granted. (Tr. 33-61). Plaintiff's administrative hearing was held in Fort Smith, Arkansas on June 22, 2021. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Zachariah Langley testified. *Id.*

On August 4, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-21). In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act on March 31, 2020. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from her alleged onset date of August 6, 2017 through her date last insured of March 31, 2020. (Tr. 12, Finding 2).

Through the date last insured, the claimant had the following severe impairments: lumbar/thoracic degenerative disease, asthma, supraventricular tachycardia (SVT), depressive disorder, anxiety disorder, ankles status post construction, chronic iridocyclitis, systemic mastocytosis, bilateral shoulders status post reconstruction, gastroesophageal reflux disease (GERD), right hip iliotibial (IT) band release, and right hip bursitis. (Tr. 12-13, Fining 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17-19, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-20, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant requires a job that can be performed either sitting or standing with an ability to alternate positions at 30 minutes intervals. The claimant can occasionally perform push and pull with the upper or lower extremities. The claimant can occasionally utilize ramps or stairs but never ladders,

> ropes or scaffolds. The claimant can perform occasionally stooping, kneeling and crouching but no crawl. The claimant can frequently perform reaching, handling and fingering bilaterally. The claimant can maintain attention and concentration for simple, routine tasks. The claimant can perform jobs that focus on objects with occasional public or coworker contact. The claimant can make simple work related decisions. The claimant can tolerate occasional supervisions other than periods of training. The claimant cannot work in environments with extreme heat, cold or humidity. The claimant can occasionally work in environments with fumes, odors, dusts, gasses and other respiratory irritants.

*Id.* The ALJ found Plaintiff was forty-four (44) years old on her date last insured, which is defined as a younger individual. *See* 20 C.F.R. § 404.1563(c) (2008). (Tr. 20, Finding 7). As for her education, the ALJ also found Plaintiff also had at least a high school education. (Tr. 20, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"); and the ALJ found through the date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ found Plaintiff retained the capacity to perform the following three occupations: (1) assembler, electrical accessories (light, unskilled) with 5,000 such jobs in the national economy; (2) sub assembler (light, unskilled) with 10,000 such jobs in the national economy; and (3) office helper (light, unskilled) with 14,000 such jobs in the national economy. (Tr. 21).

Because the ALJ determined Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff was not under a disability, as defined by the Act, at any time from August 6, 2017 (alleged onset date) through March 31, 2020 (date last insured). (Tr. 21, Finding 11). Plaintiff sought review with the Appeals Council. (Tr. 1-6). This request was denied. On

April 12, 2022, Plaintiff sought review with this Court. ECF No. 1. This case is now ready for decision.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In her decision, Plaintiff raises five arguments for reversal: (A) the ALJ did not fully and fairly develop the record; (B) the ALJ erred in the psychiatric review technique ("PRT"); (C) the ALJ erred in the *Polaski* analysis; (D) the ALJ erred in the RFC assessment; and (E) the ALJ erred at Step Five in the hypotheticals to the VE. ECF No. 12 at 1-21. In response, the SSA claims that none of these five claims provide a basis for reversal. ECF No. 13. The Court will separately consider these five arguments for reversal.

**A. Record Development**

Plaintiff claims her case should be reversed and remanded because the record was not fully

and fairly developed. ECF No. 12 at 6-10. Plaintiff specifically claims the ALJ should have ordered psychological and physical consultative examinations to fully develop the record. *Id.*

Based upon Eighth Circuit caselaw, an ALJ's record need only be "reasonably complete." *See Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). The standard for determining whether the record is "reasonably complete" is whether the ALJ had enough information to make an "informed decision." *See Haley v. Massanari,* 258 F.3d 742, 749 (8th Cir. 2001). Reversal for failure to develop the record is warranted only when such failure is unfair or prejudicial. *See Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995).

Upon review, the Court first notes the transcript in this case is over 2,600 pages with over 2,000 pages of medical evidence. The ALJ had ample evidence before her to accurately ascertain Plaintiff's mental and physical functioning before the date last insured. Plaintiff has made no demonstration that any further record development would have changed the outcome of the ALJ's determination. Thus, the Court cannot find a basis for reversal.[1] *See Shannon,* 54 F.3d at 488.

**B. Psychiatric Review Technique**

Plaintiff claims the ALJ did not properly analyze the "Paragraph B" criteria of the PRT. ECF No. 12 at 11. Plaintiff claims the ALJ improperly considered she was a "babysitter for her granddaughter." *Id.* Upon review, however, even if this were a misstatement, the ALJ *did not* only consider this as a factor but also considered her unremarkable objective medical findings as well as her own reported daily activities. (Tr. 14). For example, on one of the criteria, the ALJ found as follows:

---

[1] Importantly, the relevant time period was only from her alleged onset date of August 6, 2017 through her date last insured of March 31, 2020. Since the decision was not until August 4, 2021 and the hearing was not until June 22, 2021, there is no indication any further record develop would have shed light on the time-period actually at issue.

> Finally, the claimant has moderate limitations in her ability to adapt or manage herself. The claimant alleges mood disturbances. That said, the claimant can handle self-care and personal hygiene and care for her young granddaughter. B27F/7, 20. Meanwhile, the objective evidence in the record showed the claimant to have appropriate grooming and hygiene, no problem getting along well with providers and staff, normal mood and affect and no problems with temper control. B33F/13, 19.

Thus, the Court finds no basis for reversal on this issue.

### C. *Polaski* Analysis

Plaintiff claims the ALJ did not properly analyze her subjective complaints. ECF No. 12 at 11-14. Specifically, Plaintiff claims the ALJ improperly relied upon a misstatement that she was raising her granddaughter: "The ALJ's credibility/consistency determination kept returning, repeatedly, to the fact that Plaintiff was raising her granddaughter." *Id.* Upon review, however, the ALJ relied upon far more than this finding:

> In sum, the above residual functional capacity assessment is supported by findings of the medical consultants, diagnostic testing, physical and mental status examinations, surgical intervention, type of treatment, response to treatment, third-party statements, the claimant's admitted activities and the record as a whole. The claimant alleges numerous physical and mental impairments. She admitted being very pleased with the results of her shoulder surgery and was going a great deal better following ankle surgery. Examinations show some tenderness in her back and hip that is consistent with degenerative findings. However, the claimant had a good range of motion in her back and upper/lower extremities. Neurologically, the claimant had full motor strength, intact sensation and reflexes. Her gait was normal. Although the claimant has asthma, she has been doing well with treatment and was without any significant exacerbations. Her nausea was also being managed with medication. Additionally, the claimant remained independent in her activities. She was able to drive and use GPS to get around without trouble. She is raising and caring for her granddaughter, which I acknowledge is both physically and emotionally demanding at such a young age. Lastly, the findings of the medical experts support my decision.

(Tr. 19-20). Thus, the Court cannot find a basis for reversal on this issue.

### D. RFC Assessment

Plaintiff claims the ALJ did not properly assess her RFC. ECF No. 12 at 14-18. In making this claim, Plaintiff again focuses on the record development and argues there was not sufficient

evidence to make an informed decision. *Id.* As recognized above, the Court cannot find a basis for reversal on this issue. As for the claim there was not sufficient evidence to support the RFC determination, the Court cannot find a basis for reversal on this issue. Notably, the ALJ found the following regarding her reliance on the medical evidence in the record:

> As for the medical statements, I find the findings of the physical medical consultants' persuasive. J. Forte, MD, and C. Friedman, MD, found the claimant limited to light exertion with environmental limitations. 3A, 5A. These findings and supported and consistent with the evidence. The claimant has numerous conditions that are essentially well controlled. The claimant's has lumbar degeneration but no ankylosing spondylitis on imaging and testing. 52F/7. She has a history of SVT but no significant and persisting cardiovascular symptoms. Blood pressure was controlled. B3F/5-10. The claimant has asthma was improved with treatment. B28F/28-33. Additionally, the claimant was pleased with her shoulder surgeries and doing a great deal better following a right ankle operation. B31F/5-20. Examinations revealed the claimant in no acute distress. She had some tenderness but retained a full range of motion in her back and upper/lower extremities. Neurologically, the claimant had full motor strength, intact sensation and normal reflexes. B27F/9, 13, 17-18, 24, B32F/31-32. Furthermore, the doctors acknowledged the claimant's activities include driving, watching television, walking and caring for her young granddaughter. B5E. With that said, the claimant did have abdominal pain/conditions, hypermobility syndrome and surgical history that supports further limitations such as alternating positions and in postural movements. B27F/18, B31F, B35F. Therefore, I find the findings of the physical medical consultants' persuasive.

(Tr. 18). Notably, as reflected in these findings, the ALJ based this RFC determination not only upon the opinions of the medical consultants but also upon the other medical in the record.

### E. Vocational Expert Testimony

Plaintiff argues the ALJ did not resolve a conflict between the *Dictionary of Occupational Titles* (DOT) and the VE's testimony. ECF No. 12 at 18-20. Despite this claim, however, the ALJ did resolve this conflict, and the VE gave a reasonable explanation for how that testimony supplemented the *DOT*. (Tr. 59). Indeed, the VE testified relying upon the "observation, experience, knowledge, and education." *Id.* Specifically, the transcript provides as follows:

> Q: Have any of your answers contradicted the DOT, or otherwise not specified by the DOT?

> A: None of them contradicted. But the DOT does not address a sit/stand option, breaks, or climbing ladders, ropes, or scaffolds. So, my answers are also based on observation, experience, knowledge, and education.

(Tr. 59). The ALJ's reliance on such testimony was entirely proper. *See Twyford v. Comm. Soc. Sec.*, 929 F.3d 512, 519 (8th Cir. 2019) (recognizing "[t]he DOT definition do not specifically address overhead reaching, but the VE testified based on her own experience that the jobs do not require it").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 1st day of February 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE